OPINION OF THE COURT
Joseph Jiudice, J.
By order to show cause, in the nature of a writ of habeas *718 corpus proceeding, the petitioner seeks his release from the custody of the New York State Division for Youth.
In a proceeding in Family Court in Columbia County, the petitioner, on January 26, 1990 was placed with the Division for Youth for 12 months "consecutive with any other previous placement within New York State Division for Youth”.
It is indicated that this order followed a fact-finding determination on October 10, 1989 that the petitioner had committed an act constituting assault in the third degree. The record indicates that there has been no order extending placement.
At the time of the Columbia County Family Court dispositional order, the petitioner was in custody of the Division for Youth pursuant to an order of Bronx County Family Court dated February 21, 1989 adjudging him a juvenile delinquent and placing him restrictively for five years. That order was made following another fact-finding determination that the petitioner had committed several criminal acts.
On January 8, 1991, the Appellate Division, First Department, vacated the Bronx County Family Court dispositional order and remanded the matter for a new fact-finding hearing. A copy of this order was served upon the Division for Youth.
It is the contention of the petitioner that the present detention is illegal since the 12-month Columbia County placement order of January 26, 1990, expired on January 26, 1991 and there has been no order extending placement.
As above noted, the Columbia County dispositional order stated that the term of placement was to be "consecutive with any previous placement”. It is the petitioner’s position that the Columbia County order cannot be consecutive to any previous order since the only previous order has been vacated by the Appellate Division and is therefore a nullity.
This court’s research indicates that there is no controlling provision in the Family Court Act nor any applicable case law which would directly dispose of the issue raised in this case.
Based upon the fact pattern, if this petitioner were an adult, Penal Law § 70.30 would apply. In particular, Penal Law § 70.30 (1) states as follows: "An indeterminate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the state department of correctional services.”
In the case of an adult, where a consecutive sentence is imposed on such an individual who is serving a previously imposed sentence and the earlier sentence is vacated, the *719 subsequent sentence is deemed to have begun on the date it was imposed. Therefore, were this petitioner an adult, he would have been released on January 26, 1991, having served his one-year sentence.
While the court recognizes that the foregoing provision of the Penal Law is not directly applicable in this case, equity dictates that it would be unfair to compel a minor to serve an extra year where the adult counterpart, under certain similar circumstances, would be free.
Accordingly, the court grants the petition and directs that this petitioner be forthwith released from the custody of the New York State Division for Youth.